IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL C. SEDILLOS

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.

    Defendant.

## COMPLAINT

1. Defendant United Collection Bureau, Inc. wrongfully contacted plaintiff's father, in connection with its attempts to collect a debt. This collector regularly and deliberately violates the Fair Debt Collection Practices Act in this way.

2. Mr. Sedillos seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and injunctive relief under the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA").

## Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## Parties

4. Plaintiff Manuel C. Sedillos ("Mr. Sedillos") resides in Albuquerque, New Mexico. He is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant United Collection Bureau, Inc. ("UCB") is a foreign corporation whose principal business is the collection of consumer debts. It regularly collects or attempts to

collect debts owed or due or asserted to be owed or due another. UCB is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

6. Manuel C. Sedillos obtained a line of credit with CitiBank ("Account").

7. Mr. Sedillos was enlisted in the United States National Guard.

8. Mr. Sedillos also was employed by the National Guard as a civil service technician.

9. When Mr. Sedillos retired from his employment and military service with the National Guard, he obtained private sector employment as a contractor for the U.S. Department of energy. However, his income dropped as a result.

10. Mr. Sedillos' creditors increased his minimum monthly payments, and he fell behind in his payments on the CitiBank Account.

11. After the Account was in default, CitiBank placed the Account with UCB to collect.

12. CitiBank provided UCB with Mr. Sedillos' current home address and telephone number in Belen.

13. UCB sent Mr. Sedillos a collection letter, dated July 22, 2010, which it mailed to Mr. Sedillos' home address.

14. On or about July 22, 2010, UCB telephoned Mr. Sedillos' father, Manuel A. Sedillos ("the father"), who lives in Grant County.

15. The caller from UCB, a woman, asked for Manuel Sedillos.

16. The caller from UCB then transferred the call to a Spanish-speaking UCB representative who identified himself as "Ruben."

17. The UCB representative asked the father what he was going to do about his $12,000 debt.

18. The father told UCB that he did not owe $12,000 to anybody.

19. The UCB representative asked the father if he knew Manuel C. Sedillos.

20. The father said that Manuel C. Sedillos is his son.

21. The UCB representative then stated that he was calling from CitiBank, which was untrue.

22. The UCB representative provided his telephone number, 1-800-935-1798, extension 63827, to Mr. Sedillos.

23. The UCB representative asked the father to contact Manuel C. Sedillos and tell his son to call the UCB representative at that telephone number as soon as possible.

24. In its call to the father, UCB did not ask him to confirm the home address or the telephone number it had for his son, Manuel C. Sedillos.

25. Prior to the telephone conversation with UCB, the father was unaware of the alleged debt of his son, Manuel C. Sedillos.

26. Manuel A. Sedillos contacted his son and informed him of the telephone conversation with the UCB representative.

## UCB Regularly Calls Third Parties for Illegal Purposes

27. UCB engages in a pattern and practice of wrongfully contacting third parties in connection with its efforts to collect debts.

28. UCB regularly and deliberately asks third parties to contact the alleged debtor and to deliver a message for the debtor to call UCB, just as it did in this case.

29. UCB has written policies, procedures and guidelines concerning contacts with third parties, which encourage collectors to (a) ask to leave a message, and (b) create a sense of urgency that the phone call must be returned right away.

30. UCB has been sued numerous times in federal court for its illegal contacts with third parties, but it persists, having decided it is more cost effective to settle the lawsuits than to change its policies and practices.  These lawsuits include:

   a. *Winberry v. United Collection Bureau, Inc.* 1:09cv 240 (M.D. Alabama);

  b. *Lawn v. United Collection Bureau, Inc.*, Civil Action No. 09-3111 (E.D. Pa..);

  c. *Haggerty v. United Collection Bureau, Inc.*, 3:09 CV 00561 (E.D. Pa..);

  d. *Decker v. United Collection Bureau, Inc.*, 2:09-CV-00123 (E.D. Pa..);

  e. *Walsh v. United Collection Bureau, Inc.* 3:09 CV 247 (D. Connecticut);

  f. *Giffen v. United Collection Bureau, Inc.*, Civil No. 09-cv-02610 (D. Colo.).

## Damages

31. As a result of Defendant UCB's actions, Mr. Sedillos suffered actual damages, including:

  a. Embarrassment and humiliation;

  b. aggravation and frustration;

  c. inconvenience;

  d. lost time; and

  e. lost privacy.

## First Claim for Relief: Violations of the FDCPA

32. UCB' actions violate the FDCPA, including 15 U.S.C. §§ 1692b, 1692c, and 1692e, including 15 U.S.C. §§ 1692e(10), and 1692c(b).

33. Mr. Sedillos is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

## Second Claim for Relief: Tortious Debt Collection

34. UCB's actions and omissions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

35. Mr. Sedillos is entitled to recover actual and punitive damages in an amount to be determined at trial.

### Third Claim for Relief: Unfair Trade Practices

36. Defendant UCB is subject to the Unfair Practices Act for its conduct in New Mexico.

37. The foregoing actions of Defendant UCB constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E).

38. Defendant UCB willfully engaged in these unlawful trade practices.

39. Plaintiff is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

40. Plaintiff is entitled to injunctive relief to prevent irreparable injury that will result from continuing illegal collection activities by UCB, namely the placing of telephone calls to third parties asking those third parties to call the debtor and tell the debtor to call UCB.

### Request for Relief

Wherefore, Mr. Sedillos requests that this Court award:

A. Statutory and actual damages, for violations of the FDCPA;

B. Actual and punitive damages, in an amount to be determined at trial, for tortious debt collection.

C. Reasonable attorney fees and costs;

D. Injunctive relief, enjoining UCB from calling third parties for any purpose except to confirm location information, (1) enjoining UCB from calling a third party when it already has the home address and/or phone number for the consumer; and (2) enjoining UCB from asking a third party to deliver a message to the consumer.

E. Such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Charles Parnall*

_____
Feferman & Warren, Attorneys for Plaintiffs
Charles Parnall
Richard N. Feferman
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773 phone
(505) 243-6663 fax