# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MANUEL C. SEDILLOS

    Plaintiff,

vs.                                             No. 10-CV-1063 WJ/WDS

UNITED COLLECTION BUREAU, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

THIS MATTER comes before the Court upon a Motion for Partial Dismissal filed by Defendant United Collection Bureau, Inc. ("UCB") on June 1, 2011 **(Doc. 43)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted.

### Background

Plaintiff obtained a line of credit with CitiBank, and eventually fell behind in his payments on the account. CitiBank then placed the account with UCB to collect. Plaintiff alleges that UCB wrongfully contacted his father in connection with its attempts to collect the debt. The complaint asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* and the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* Specifically, the complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") in Count I, Tortious Debt Collection in Count II, and violations of the Unfair Trade Practices Act ("UPA") in Count III. Plaintiff requests actual damages, statutory damages,

punitive damages and injunctive relief, specifically that UCB be enjoined from calling a third party when it already has the home address and/or phone number for the consumer; and from asking a third party to deliver a message to the consumer. Compl., at 5.  UCB denies Plaintiff's allegations, and contends that at all times it complied with applicable laws, rules and regulations in its attempts to collect the debt owed by Plaintiff to CitiBank.

**Legal Standard**

When a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974,167 L. Ed. 2d 929 (2007). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See id*. at 1965; *see also Ridge at Red Hawk, L.L.C. v. Schneider* 493 F.3d 1174, 1177 (10th Cir. 2007)(the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims). The burden is on the plaintiff to frame a complaint with enough factual matter to suggest that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965.

## Discussion

Defendant's request for dismissal is limited to Plaintiff's UPA claim asserted in Count III, and only to the extent that it asserts that UCB violated the UPA for contacting Plaintiff's father and leaving a message for Plaintiff to return the call. UCB denies the allegation that its representative falsely claimed to work for CitiBank, but does not contest the legal validity of this part of Plaintiff's claim.  Thus, Defendant does not seek dismissal of Count III in its entirety, but

only the portion which relates to UCB's contact of Plaintiff's father, and the claim for injunctive relief.

## I.  Contacting Third Parties Under the UPA

The UPA prohibits "unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." NMSA § 57-12-3. Defendant contends that its contacting Plaintiff's father about Plaintiff's debt does not constitute either an "unfair or deceptive trade practice" or an "unconscionable trade practice" under the UPA, and thus dismissal is appropriate regarding that portion of Plaintiff's claim under the UPA that is based specifically upon the act of contacting Plaintiff's father. Defendant also argues that Plaintiff's claim for injunctive relief under the UPA fails for the same reason.

Defendant argues that a third party contact does not qualify as either an "unfair or deceptive trade practice" or an "unconscionable trade practice" under the UPA because, regardless of whether or not a UCB employee falsely claimed to have worked for CitiBank, there was no deception or misleading regarding Plaintiff's debt. Defendant also contends that the UCB representative did not violate the UPS by asking Plaintiff's father to request that Plaintiff contact UCB because this did not take advantage of Plaintiff's father to any unfair degree, or result in a "gross disparity" in some value received. Because the UPA prohibits only deceit and grossly unfair tactics, Defendant argues that its alleged conduct does not rise to the level of a UPA violation. Without a viable UPA violation, the claim for injunctive relief should be dismissed because it is incorrectly premised on the assertion that a third party contact violates the UPA without any showing of deceit or grossly unfair tactics.

A.  <u>Relevant Substantive Law</u>

Four elements must be established to invoke the Unfair Practices Act. A plaintiff must

3

show (1) that the defendant made an "oral or written statement, visual description or other representation . . . that was either false or misleading"; (2) the false or misleading representation must have been "knowingly made in connection with the sale, lease, rental or loan of goods or services in the extension of credit or . . . collection of debts"; (3) the conduct complained of must have occurred in the regular course of the defendant's trade or commerce; and (4) the representation must have been of the type that "may, tends to or does, deceive or mislead any person." *Ashlock v. Sunwest Bank of Roswell, N.A.*, 107 N.M. 100, 101, 753 P.2d 346, 347 (N.M.,1988); NMSA 1978, § 57–12–2(C). The UPA defines "unfair or deceptive trade practice" as

> an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person. . . .

NMSA § 57-12-2(D). Representations that are considered "unfair or deceptive trade practices" and thus actionable under the UPA can be any one of the 18 enumerated unfair practiced listed under § 57-12-2(D). Plaintiff claims that two of these are relevant to Plaintiff's claims, namely: using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive (57-12-2(D)(14)) and stating that a transaction involves rights, remedies or obligations that it does not involve (57-12-2(D)(15)). The UPA defines "unconscionable trade practice" as

> an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts that to a person's detriment. . . .

NMSA § 57-12-2(E). Examples of "unconscionable trade practices" listed in the UPA are acts or practices which takes advantage of the lack of knowledge, ability, experience or capacity of a

4

person to a grossly unfair degree; or which results in a gross disparity between the value received by a person and the price paid.

Defendant's motion addresses only whether the allegation that a UCB representative called Plaintiff's father and asked him to deliver a message to Plaintiff violates the UPA. Thus, the question is whether those facts, as alleged in the complaint, form a plausible entitlement to relief under the UPA as either an "unfair or deceptive trade practice" or an "unconscionable trade practice."

A.  Unfair or Deceptive Trade Practice

Plaintiff contends that Defendant's contact with his father satisfies NMSA 57-12-2(D)(14) by failing to state a material fact, namely that Defendant was allowed only to ask the father to confirm Plaintiff's location information. The problem with this argument is that it relies on conduct which is proscribed under the FDCPA, but not the UPA. Under the FDCPA, debt collectors are confined to scripts regarding what communications are permissible under the federal statute. *See* 15 U.S.C. § 1692b. The UPA has no such specific limitation. Further, the conduct of the UCB representative – contacting Plaintiff's father and asking him to deliver a message to Plaintiff to call UCB – does not involve any "exaggeration, innuendo or ambiguity" which would violate the UPA.

In the response at pages 8-9, Plaintiff includes specific allegations of false representations in an attempt to parse the more general allegations of the complaint, such as: that UCB believed that it was calling Plaintiff's telephone number; that it had the right to call the father when it already had Plaintiff's contact information; that UCB had the right to ask Plaintiff's father to deliver a message to Plaintiff. Plaintiff also alleges that UCB failed to disclose material information such as that UCB knew that it was calling a relative of Plaintiff;

5

that UCB already had Plaintiff's contact information; and that UCB was required to limit its conversation to confirming or correcting location information.  Defendant objects to this specific listing because these allegations were not included in the Complaint, and also because none of these representations of "omissions" were material or deceptive.  The Court agrees with Defendant that, whether these specific allegations should have been listed in the Complaint, they do not constitute the type of "material" facts that would tend to deceive a person under the UPA or the type of representations that are unfair or deceptive trade practices.

Plaintiff also argues that Defendant's conduct violates NMSA § 57-12-2(D)(15) because UCB misrepresented rights and obligations.  Plaintiff contends that by asking Plaintiff's father to deliver the message, UCB represented to the father that it had the right to do so, where any communication to the father should have been limited to location information of Plaintiff.  For support, Plaintiff looks to *Jaramillo v. Gonzales* 132 N.M. 459, 50 P.3d 554 (N.M.App. 2002) as an analogous case.  In *Jaramillo*, a consumer entered into a finance contract for a mobile home. When the mobile home flooded due to defective pipes, the consumer sent the bank a letter of revocation stating that the flooding had caused considerable damage and had rendered the mobile home uninhabitable. The letter also asserted that the bank, as assignee of the contract, was subject to all claims of liability any claims the consumer could assert against the seller of the home.  Instead of acknowledging its liability under the contract, the bank continued to send monthly billing statements showing a past due balance. Even after the consumer told the Bank that he had revoked acceptance of the mobile home and that he would not be paying on the contract, the bank continued to ignore its liability, advising the consumer of his contractual obligation and the effect of non-payment on his credit rating. The bank continued to seek collection on the contract and reported a delinquent debt to credit agencies.  As a result of the

bank's conduct, the consumer was denied credit twice due to reports made by the bank.  The court found that this conduct violated the UPA because the bank misrepresented existing rights and obligations.

The facts in *Jaramillo* are not similar at all to the instant case.  Here, the UCB representative asked to speak to the son, and asked the father to deliver a message. No statement was made (or not made) to Plaintiff's father which suggested that he was legally responsible for his son's debt, nor were any misrepresentations made concerning the debt.  While repeated calls to the father may have given that impression, no such facts are alleged here.  The complaint asserts that the UCB representative made the call "on or about July 22, 2010."  Compl., ¶ 14.

The Court tests the sufficiency of allegations "within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  The allegations at issue here pertain to Defendant contacting Plaintiff's father and asking him to deliver a debt collection-related message to his adult son, the debtor.  These allegations do not plausibly describe a deceptive trade practice under § 57-12-2(D) of the UPA.  In his response, Plaintiff limits argument to examples of representations prohibited by the UPA under § 57-12-2(D)(14) and (15).  However, the Court has reviewed the other examples listed in the statute, and finds that these particular allegations do not fit into any of those categories.

Plaintiff's position is problematic because Plaintiff conflates the state and federal statutes and essentially argues that Defendant violated the UPA by taking actions which violated the FDCPA.  This argument is not legally sound.  Plaintiff correctly notes that there is substantial overlap between the FDCPA and the UPA; both seek to prevent false or misleading statements.  To be sure, conduct which violates the FDCPA may be actionable under the UPA – but not always.  The case to which Plaintiff cites is an example of conduct which violates both the

federal and state statute. In *Russey v. Rankin*, 911 F.Supp. 1449 (D.N.M. 1995), the court found that an attorney violated the FDCPA as well as the UPA by enabling a demand letter to be sent that falsely threatened collection litigation.  Under the facts of *Russey*, a violation of the FDCPA is a violation of the UPA. In the instant case, however, while third party contact is prohibited under the FDCPA except to acquire location information,[1] no such prohibition exists anywhere in the UPA.

Plaintiff also cites to a District of New Mexico case, *Pedroza v. Lomas Auto Mall, Inc.*, 600 F.Supp.2d 1200 (D.N.M., 2009) to argue its position that conduct which violates the FDCPA also violates the UPA.  In *Pedroza*, the court held that the defendant insurance company knowingly violated the UPA by making a false or misleading representation concerning a clean vehicle title, in violation of New Mexico regulations. *Pedroza* does not hold that a UPA violation arises from a violation of the FDCPA; Plaintiff's attempts to argue this amounts to bootstrapping.  In *Pedroza*, the defendant's violation of New Mexico regulations consisted of conduct that is prohibited under the language in the UPA statute.  Thus, UCB's alleged violation of the FDCPA would violate the UPA if that alleged conduct itself violated the UPA as well. Based on my discussion above, it does not.

Another example of Plaintiff's attempt to bootstrap FDCPA violations onto the UPA is the offering of Exhibit A, which is an advisory letter from the Federal Trade Commission, stating that UCB's conduct could qualify as a violation of the FDCPA based on UCB's contact with a third party other than the debtor.  The exhibit does not advance Plaintiff's position that Defendant's contact of his father, and leaving a message for Plaintiff, qualifies as a UPA

---

[1] *See* 15 U.S.C. § 1692b.

violation. Nothing in the letter mentions the UPA, nor does the UPA list any category which prohibits the contact of third parties or leaving messages for the debtor. Accordingly, I find that the allegations in the complaint concerning UCB's contact of Plaintiff's father and asking him to leave a message for Plaintiff are insufficient to assert a plausible claim for a violation of § 57-12-2(D) of the UPA.

B.   Unconscionable Trade Practice

Plaintiff also claims that UCB violated the UPA under § 57-12-2(E) because Plaintiff's father had no way of knowing that UCB had no right to use him as an instrument of its debt-collection activities when it asked him to deliver a message to his son. Plaintiff contends that this conduct took advantage of Plaintiff's father's lack of knowledge, ability, or experience to a grossly unfair degree.  Here again, Plaintiff falls into his habit of citing to an FDCPA provision which expressly prohibits such conduct, but which is not necessarily dispositive of whether the conduct violates the UPA.  The complaint does not allege that the UCB representative made a comment (or left something unsaid) which would suggest to the father that he had a responsibility or obligation to pay his son's debt.  It simply states that the representative asked the father "to tell his son to call the UCB representative at that telephone number as soon as possible."  Compl. ¶ 23.  This alleged conduct may violate the FDCPA, but it is not a fact that raises a plausible inference that UCB is liable under § 57-12-2(E) of the UPA.  *See Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged).

Based on the foregoing,  I find that the allegations in the complaint concerning UCB's contact of Plaintiff's father and asking him to leave a message for Plaintiff are insufficient to assert a claim under § 57-12-2(E) of the UPA.

## II. Injunctive Relief

Plaintiff seeks to enjoin UCB from engaging in the same allegedly unlawful tactics in collecting other consumer debt in New Mexico. Plaintiff seeks injunctive relief as part of its UPA claim, requesting that UCB be enjoined (1) from calling a third party when it already has the home address and/or phone number for the consumer; and (2) from asking a third party to deliver a message to the consumer.  Defendant contends that even if Plaintiff's request for injunctive relief does pertain to the alleged acts of Defendant , Defendant contends that the relief should be denied because it is overly broad, improperly seeks a class remedy and is not supported by the prohibitions of the UPA.[2]

I agree with all of Defendant's reasons for dismissing Plaintiff's request for injunctive relief. First, Plaintiff states that he is **not** claiming that UCB's act of contracting his father itself constituted a violation of the UPA.  Doc. 52 at 1-2.  Thus, Plaintiff cannot receive relief for conduct which he does not allege to be a violation of the UPA.  Second, the conduct of UCB in this case – contacting Plaintiff's father as a third party, and asking the father to deliver a message to the consumer – does not establish a violation under the UPA.  For this reason as well, there is no basis to award injunctive relief.[3]  Third, there is no substantive case law supporting the kind of broad injunctive relief requested by Plaintiff.  In support of its position, Plaintiff submits two unpublished cases from the District of New Mexico which did award this relief.  However, both

---

[2] Plaintiff seeks injunctive relief solely under the UPA. Compl., ¶ 2.

[3] Inasmuch as Plaintiff also alleges that the UCB representative allegedly misrepresented himself as "calling from Citibank," Plaintiff does not include this conduct as the basis for the requested injunctive relief.  The requested relief encompasses UCB's calls to third parties when it already has the home address and/or phone number for the consumer; and asking third parties to deliver a message to the consumer. Therefore, the dismissal of Plaintiff's claim for injunctive relief addresses Plaintiff's entire UPA claim.

of those cases awarded injunctive relief on default judgment.  In one, there was no discussion at all as to the legal basis for the injunction. Pltff's Ex. B at 3. In the other,  Ex. C, the court based the granting of state-wide prospective injunctive relief solely on the provision's language:

> A. A person likely to be damaged by an unfair or deceptive trade practice or by an unconscionable trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. . .

N. M. S. A. 1978, § 57-12-10.  (Pltff's Ex. C at 3).[4]  However, my reading of that language just as easily and plausibly defines "person" in that provision as referring to the litigant in a lawsuit, and not any other person whom the litigant subjectively believes may be damaged by an unfair trade practice.  Neither case decided the issue on the merits, and neither offers much insight into the basis for its decision.

Last, even if § 57-12-10(A) does allow for a person to seek statewide relief, nothing in the language exempts the complaining individual from seeking class certification under Rule 23 before such relief can be granted.  Plaintiff's reliance on *Brito v. Zia Co*., 478 F.2d 1200 (10th Cir. 1973) is misplaced here. *Brito* was a Title VII case in which Spanish-speaking employees sued Zia for discriminatory conduct based on a performance evaluation test.  Judge Edwin L Mechem, in the United States District Court for the District of New Mexico, found that defendant's employee performance evaluation test, which was based primarily on subjective observations of evaluators and was not administered and scored under controlled and standardized conditions, caused a disproportionate reduction in Spanish workers in the machine and ironworkers shop.  Judge Mechem held that the test was invalid and resulted in a

---

[4]  The District of New Mexico case attached as Plaintiff's Exhibit B is *Simpson v. Lenahan et al*., Civ.No. 05-57 JP/DJS.  Exhibit C is *McMichael et al. v. Bohn et al*., Civ. 07-534 BB/LFG.

discriminatory employment practice. The Tenth Circuit Court of Appeals affirmed the decision, also noting that the district court was correct in holding that there was no basis to proceed as a class action because the requirements of Rule 23 were not met. The Court of Appeals nevertheless affirmed the granting of injunctive relief to benefit other employees besides the named plaintiff because the test had been used throughout the plan.

    I agree with Defendant that *Brito* does not apply here.  Obviously, this is not a Title VII case.  Also, while injunctive relief was broadly granted in that case, the basis for relief was the fact that same test had been administered to other employees throughout the plant.  Thus, even though these other employees were did not successfully form a Rule 23 class, the action was initiated as a class action and the other employees were identified as having suffered the same discriminatory practices.  The same situation is not before the Court in the current case, where there is not the slightest hint of a Rule 23 class action.  Injunctive relief of the breadth requested by Plaintiff would perhaps be available under the UPA, but not before the beneficiaries of such relief were certified as a Rule 23 class.  *See Mulford v. Altria Group., Inc*., 242 F.R.D. 615 (D.N.M.,2007); *Dominion Video Satellite, Inc. v. Echostar Satellite Corp*., 356 F.3d 1256, 1261 (10th Cir. 2004) (quotations omitted) (the right to relief must be clear and unequivocal before a preliminary injunction may issue).

## Conclusion

    In sum, I find and conclude that the allegations in the complaint concerning UCB's contact of Plaintiff's father and asking him to leave a message for Plaintiff are not sufficient under Rule 12(b)(6) to state a claim for a violation of the UPA.  Based on these findings, Defendants motion for partial dismissal of Plaintiff's complaint is granted.

    I also find and conclude that Defendant's motion for dismissal of Plaintiff's state-wide

request for injunctive relief is granted because § 57-12-10 does not allow for such broad relief without certification of a class action under Rule 23.

      **THEREFORE,**

      **IT IS ORDERED** that Defendant's Motion for Partial Dismissal **(Doc. 43)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

                                                                            UNITED STATES DISTRICT JUDGE