**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MANUEL C. SEDILLOS,**

**Plaintiff,**

**vs.**                                         **No. CV 10-1063 WJ/WDS**

**UNITED COLLECTION BUREAU, INC,**

**Defendant.**

**ORDER DENYING DEFENDANT'S SECOND MOTION TO COMPEL**

This matter is before the Court on the Second Motion to Compel filed by Defendant United Collection Bureau, Inc.  ("UCB") (Docket # 103) Plaintiff has filed a brief in opposition, and Defendant has filed a reply brief.  The Court, being fully advised in the premises, finds that the motion is not well taken.

Defendant seeks production of Plaintiff's medical information and documentation of the terms of settlement of Plaintiff's lawsuit against Client Services, Inc.  As to the first category, Defendant argues that Plaintiff has put his mental condition at issue by claiming damages for embarrassment, humiliation, aggravation, and frustration.  Defendant argues that the settlement information should be produced because Plaintiff was compensated in that lawsuit for identical damages which occurred in the same time frame as the underlying events in this lawsuit.

There is no question that the Federal Rules of Civil Procedure require the initial disclosure of medical information and documents when a plaintiff has put his medical or mental condition at issue in a lawsuit.  However, it is equally true that a plaintiff's medical and psychological history are not discoverable when that plaintiff is claiming only "garden variety" mental damages such as embarrassment and humiliation.  *Weil v. Dillon Companies, Inc.*, 109 P.3d 127, 128 (D. Colo. 2005).

Based on the case information contained in the motions, and the specific representations of Plaintiff's counsel, i.e., that no medical evidence will be presented, that no mental condition is at issue, and that no expert testimony will be presented, the Court views this matter as one of generic, or "garden variety," emotional damages and will not order production of the medical records. The Court notes, however, that Plaintiff's testimony about the emotional damage arising from the Defendant's one call to his father will be equally generic, and limited to the damages arising out of that one call.

The Court also declines to order Plaintiff to reveal the settlement terms in his lawsuit against Client Services. Defendant objected earlier in this case when Plaintiff sought settlement information from other UCB lawsuits. Defendant argued, correctly, that settlements paid to other plaintiffs had no relevance to this particular Plaintiff's claims. The same is true with Plaintiff's settlement with Client Services. The fact of Plaintiff's settlement with Client Services may be relevant, but the amount is irrelevant and Defendant's request for that information is denied.

IT IS THEREFORE ORDERED that Defendant's Second Motion to Compel (Document #103) is DENIED.

W. Daniel Schneider
United States Magistrate Judge